UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

CRIMINAL CASE NO. 24-34-DLB-CJS

UNITED STATES OF AMERICA                                                               PLAINTIFF

vs.                              **REPORT AND RECOMMENDATION**

GENGHIS KHAN STEVENSON                                                              DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Genghis Khan Stevenson's Motion to Reopen Detention Hearing. (R. 34). The United States filed a Response to Motion to Reopen Detention Hearing (R. 35), and Stevenson elected not to file a Reply. A hearing having been held on Stevenson's requested relief, this matter is now ripe for a Report and Recommendation in accordance with Chief District Judge Bunning's Standing Referral Order. (*See* R. 9). For the following reasons, it will be recommended that Stevenson's Motion to Reopen Detention Hearing (R. 34) **be granted** and that he **be released** pending trial in this action.

I.   **FACTUAL AND PROCEDURAL HISTORY**

On July 11, 2024, a federal grand jury in this District returned an Indictment that charged Stevenson with one count of possession with the intent to distribute forty grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1). (R. 3 at Page ID 3). The Indictment alleges that the offense occurred on March 28, 2024,[1] in Boone County, Kentucky, and further alleges that, before Stevenson committed the charged offense, he had a final conviction for a serious violent felony for which he served more than 12 months in prison. (*Id.* (referencing a conviction for

---

[1] The Court understands this date to be when Stevenson was arrested at the Cincinnati/Northern Kentucky International Airport and was found to be in possession of fentanyl and a large amount of U.S. currency.

carjacking and robbery in the Superior Court of California – County of Los Angeles on April 3, 2001, in case SA040595)).

When the Indictment was returned in this District, the Court granted the Motion of the United States for an arrest warrant. (*See* R. 6 (granting R. 5)). On October 4, 2024, Stevenson was arrested in the Central District of California (*see* R. 12-2 at Page ID 30), and he had an initial appearance in that District on October 7, 2024 (*see* R. 12 at Page ID 22). At that time, Stevenson was represented by appointed counsel, and the Magistrate Judge denied the Government's motion for detention. (*See id.*). Instead, the Magistrate Judge ordered that Stevenson could be released once necessary steps to execute a secured bond of $50,000 (secured by Stevenson's home) had been completed and subject to Stevenson following certain conditions of release and being placed on GPS location monitoring with an ankle monitor. (*See id.* at Page ID 22-28). The Magistrate Judge described the decision to release Stevenson as a "close call," but found consideration of all the factors warranted his release.[2]

On October 28, 2024, the United States moved for an arraignment of Stevenson in this District. (R. 14). The Court set a telephonic hearing on the motion (R. 16), which hearing occurred after the Magistrate Judge in the Central District of California vacated the bond previously set and ordered bail as to Stevenson be modified at $100,000, with Stevenson to put up $50,000 in surety and his mother to do the same. *See United States v. Stevenson*, No. 2:24-mj-06142-DUTY (C.D. Cal. Nov. 5, 2024), R. 11 at Page ID 27 *therein*. During the telephonic Motion Conference held before this Court on November 7, 2024, then-appointed counsel for Stevenson informed the Court

---

[2] The Pretrial Services Report prepared in the Central District of California listed Stevenson's employment as a water truck driver and, regarding assets, referenced $2,200 of cash that had been confiscated by law enforcement officials. The Pretrial Services Report also listed Stevenson's criminal history and noted that the case agent reported Stevenson had gang affiliations, which Stevenson's associates denied. Upon consideration of the risk of flight and the risk of danger to the community, the Pretrial Services Report recommended Stevenson's release with specific conditions.

2

that it was his understanding that the modification was done so as to allow Stevenson to effectuate the property bond. (*See* R. 18). During the telephonic hearing, this Court also granted the United States' Motion for Arraignment and set a date for Stevenson's arraignment in this District (which was later reset). (*See id.*).

Ultimately, although Stevenson signed a surety bond (*see* R. 17), his mother did not, and so he was never released by the Central District of California. Instead, he was remanded to the custody of the United States Marshals Service for transport to this District. (*See* R. 19 at Page ID 48 (Final Commitment and Warrant of Removal from Central District of California noting that Stevenson's bail had been set at $100,000 but had not been posted)). On December 16, 2024, Stevenson first appeared in this District. (*See* R. 21). At that time, the Court found Stevenson was "not eligible for release consideration by this District . . ., given that proceedings in that regard were previously held in the Central District of California, the arresting district," and informed the parties that, "[s]hould either side believe further review of the topic in this District [wa]s warranted, an appropriate written filing should be made for the Court's consideration." (*See id.* at Page ID 50).

Roughly a month later, Stevenson filed a motion with the Court requesting new counsel. (*See* R. 27). At a hearing on that motion (and on then-defense counsel's related motion for a hearing (R. 28)), the Court granted Stevenson's request and appointed him new counsel in this case. (*See* R. 30; R. 31). After new counsel entered the case, the Court held a Status Conference with the parties (R. 33), after which defense counsel filed the present Motion to Reopen Detention Hearing (R. 34). The United States then filed a Response to Motion to Reopen Detention Hearing (R. 35), and Stevenson did not file a Reply. After receiving the parties' briefing, the Court scheduled a hearing on the Motion, at which time it heard from counsel regarding the procedural posture of the case and the parties' positions in favor or against Stevenson's release.

3

## II. LEGAL STANDARD

With the (complicated) procedural history of this case set out above, the Court turns to address the framework within which it will address Stevenson's Motion. A brief overview of two statutes provides context for this determination.

First, Stevenson's Motion cites 18 U.S.C. § 3142(f) as the statute by which the defense seeks to "reopen" the detention hearing. (*See* R. 34 at Page ID 88). That statute addresses detention hearings and provides in relevant part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). Courts interpret this statute as presenting a two-prong analysis. *See United States v. Baker*, No. 6:21-CR-32-CHB, 2021 WL 2744512, at *3 (E.D. Ky. July 1, 2021). "First, the party seeking to reopen the hearing must demonstrate that 'information exists that was not known to the movant at the time of the [initial detention] hearing.'" *Id.* (quoting 18 U.S.C. § 3142(f)). "Then, the movant must establish that that information is material to the defendant's release conditions regarding flight or dangerousness." *Id.* The Sixth Circuit has applied a strict construction of this showing and has required "the moving party to demonstrate good cause as to why the new evidence was unavailable for the initial detention hearing." *Id.* (collecting cases).

Second, the parties' briefing and the Court's own research reveals a second relevant statute, namely 18 U.S.C. § 3145(a), which concerns review of a release order. (*See, e.g.*, R. 34 at Page ID 90-91 (citing cases interpreting § 3145(a)). That statute provides:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—

> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
>
> The motion shall be determined promptly.

18 U.S.C. § 3145(a). Once a motion (either by the Government or by the defendant) is filed under the statute, "the district court can undertake a de novo review of the magistrate judge's decision," and "[u]nder those circumstances, the district court may, at its discretion, conduct an additional evidentiary hearing." *Baker*, 2021 WL 2744512, at *3; *see also United States v. Herring*, No. 2:22-CR-8-DLB-CJS, at R. 70 (E.D. Ky. June 17, 2022) (quoting *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000)) (discussing 18 U.S.C. § 3145(b) and noting that, although "the Sixth Circuit has not mandated a specific standard of review, the 'majority view appears to favor the district court's *de novo* review of detention orders by magistrate judges issued pursuant to § 3142'").

Notably, "[c]ourts that have considered these two provisions have concluded that § 3142(f) applies to requests to reopen hearings before the same judicial officer who conducted the initial hearing." *Baker*, 2021 WL 2744512, at *4. "In other words, if a magistrate judge conducts the initial detention hearing, any motions to reopen that hearing under § 3142(f) should be directed at that same magistrate judge." *Id.* In this case, the Magistrate Judge who conducted the initial detention hearing is a judicial officer of the Central District of California, not the undersigned. (*See, e.g.*, R. 12). In such a posture, § 3142(f) provides no avenue for the undersigned to review Stevenson's detention status. And this is true despite the intention and understanding of the parties and Magistrate Judge in the Central District of California that Stevenson's detention status would be re-addressed in this District.

5

Having determined that § 3142(f) is inapplicable to Stevenson's request for review of his custodial status, the Court will proceed to review that request under § 3145(a), which "governs a district court's review of a magistrate judge's release or detention order."[3] *Baker*, 2021 WL 2744512, at *4. Notably, "district court" under § 3145 has been interpreted to be the *district* judge of the charging district, not a magistrate judge, like the undersigned. *Cf. United States v. Shaw*, No. 5:17-CR-26-KKC-REW, 2017 WL 5711438, at *1 (E.D. Ky. Nov. 7, 2017), *report and recommendation adopted*, No. 5:17-CR-26-KKC-REW, 2017 WL 5710443 (E.D. Ky. Nov. 27, 2017) ("In this procedural posture—where a magistrate judge in the arresting District ordered Defendant released pretrial, and the presiding district judge in the charging District stayed that release order—the undersigned, as a magistrate judge in the charging District, lacks authority to directly alter Defendant's custodial status or make a controlling determination of that status."). However, the Court perceives no reason, and other cases have found, that a magistrate judge may pass upon such a request through a Report and Recommendation, which is what the undersigned will do in this case following a *de novo* review. *See id.* at *2 (collecting causes); (*see also* R. 9 at Page ID 18 ¶ 2 (Standing Referral Order: "In accordance with the standards and procedures established by Rule 59(b), the Magistrate Judge may make a recommended disposition concerning any pretrial matter that disposes of a charge or defense, including but not limited to any motion specifically listed in Rule 59(b).")).

---

[3] Still, at the hearing on Stevenson's Motion to Reopen Detention Hearing, the Court heard from counsel regarding both statutory provisions so as to preserve the record. (*See generally* R. 41). At the hearing, both counsel represented to the Court a desire to have the substance of Stevenson's custodial status considered, whether viewed under § 3142(f) or § 3145(a). Notably, the Government concedes that there have been changed circumstances, both from Stevenson's perspective and from the perspective of the Government, so as to satisfy that requirement of § 3142(f).

## III.   ANALYSIS

The Court now turns to the substance of Stevenson's Motion and the United States' Response: Stevenson's pretrial release or detention status. *See Shaw*, 2017 WL 5711438, at *3.[4] In making its recommendation on Stevenson's status, the Court has considered the full record, including: the filings from the Central District of California relating to Stevenson's arrest and release status; the Pretrial Services Report used by the Central District of California and the addendum to that report created by the United States Probation Office in the Eastern District of Kentucky; the audio recordings from hearings held in the Central District of California; the record filings in this District; the audio recordings from hearings held in this District; and materials filed in Stevenson's recent criminal proceedings in Kentucky state court.[5] For the reasons that follow, it will be recommended that Stevenson's Motion to Reopen Detention Hearing (R. 34) be granted and that he be released pending trial in this action.

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). "A judicial officer's finding of dangerousness must be 'supported by clear and convincing evidence.'" *Id.* (quoting 18 U.S.C. § 3142(f)(2)(b)). "The default position of the law, therefore, is that a defendant should be released pending trial." *Id.*

---

[4] This Report and Recommendation will loosely follow the structure of (then-Magistrate and now-District) Judge Wier's recommendation in *Shaw*.

[5] The docket numbers for Stevenson's state-court matters are 24-CR-00525 (Boone Circuit Court 2024) and 24-F-00348 (Boone District Court 2024).

"That default is modified, however, for certain, particularly dangerous defendants." *Id.* Relevant here, "when a 'judicial officer finds that there is probable cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention: 'Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)(3)). "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *Id.* "Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention." *Id.*

Still, the presumption of § 3142(e)(3) "in favor of detention imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion.'" *Id.* (citations omitted). "A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight." *Id.* (cleaned up). "Although a defendant's burden of production is not heavy, he must introduce at least some evidence." *Id.* (internal quotation marks omitted).

"Even when a defendant satisfies his burden of production, however, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." (*Id.*) (internal quotation marks omitted). "The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts." *Id.* "Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.* "To rebut the presumption, therefore, a defendant should present all the special features of his case that take it outside the congressional paradigm." *Id.* at 946 (cleaned up).

8

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id.*  Here, "[i]n determining whether the government has met that burden of persuasion," the Court considers certain factors, *i.e.*, the factors listed in 18 U.S.C. § 3142(g). *Id.* Generally, those factors are (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person as to danger; (3) a defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

Applying this analysis to this case, the Indictment charges Stevenson with one count of possession with the intent to distribute forty grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1). (R. 3 at Page ID 3). And the Indictment further alleges that, before Stevenson committed the charged offense, he had a final conviction for a serious violent felony for which he served more than 12 months in prison. (*Id.*). Under 21 U.S.C. § 841(b)(1)(B)(vi), the penalties for the charged offense would be not less than 5 years and not more than 40 years imprisonment for a first offense, and not less than 10 years and not more than life imprisonment if the defendant has a prior "serious drug felony" or "serious violent felony." (*See id.* at Page ID 6). Stevenson's charged offense, then, is one that gives rise to the rebuttable presumption under 18 U.S.C. § 3142(e)(3). *See* 18 U.S.C. § 3142(f)(1)(C).

The Court next considers the parties' proffers regarding (first) whether Stevenson has carried his burden of production to rebut the presumption, and, if so, (second) whether the Government has carried its burden of persuasion. At the hearing on Stevenson's Motion, defense counsel proffered the following information in support of Stevenson's request to be released: the Pretrial Services Report in the Central District of California determined there were conditions of release that could address issues as to flight and danger; the United States Probation Office's

9

addendum in the Eastern District of Kentucky had no additions or corrections to that report, but recommended detention; Stevenson no longer has the real property to post a property bond; Stevenson's criminal history is dated; Stevenson has showed up for court appearances in Kentucky state court on related charges; Stevenson would have a job as a water transporter if released; there is an individual who would sign a surety bond on Stevenson's behalf; and Stevenson has a friend with a residence at which Stevenson could reside if he were to be released.

On the other hand, the Government proffered the following information in support of its request that Stevenson be detained pretrial: the loss of Stevenson's home indicates one less tie to the community; certain information contained in Stevenson's Pretrial Services Report based on Stevenson's statements, including his employment when arrested and how much money was seized from him, was factually inaccurate; results from search warrants on Stevenson's phones that the United States received after Stevenson was arrested and federal charges were initiated show evidence of drug trafficking and firearms; and, within the past few months (i.e., after the November 2024 hearing in California), drug paraphernalia was seized from the property Stevenson had been staying at in Kentucky before he was arrested in March 2024. The Government also cited the amount of drugs and cash that were found on Stevenson when he was arrested. At the hearing, the Government represented that its primary concern was not flight, but was instead danger, and thus cited Stevenson's criminal history and his history of committing new crimes while on probation or other release status as being particularly concerning.

On this record, the Court finds that Stevenson has rebutted the presumption. In reaching this conclusion, the Court notes Stevenson's compliance while on pretrial release for his state-court charges, the offer by a friend for an address at which Stevenson could reside if released, his potential for employment, and his lack of recent criminal history, and the fact the Magistrate Judge in the Central District of California found the presumption rebutted as being considerations of

10

particular relevance. *See Shaw*, 2017 WL 5711438, at *3 ("The Court, though, would be hard-pressed, as a general matter, to conclude that a judicial colleague's determination of release suitability (under the federal standards) would not be *some* evidence that the defendant would reappear and not pose a danger."). As discussed above, however, the presumption still remains a factor in the overall analysis.

At this point in the analysis, the United States must persuade the Court either by a preponderance of the evidence that conditions cannot be crafted that would sufficiently mitigate the risk Stevenson would flee and not appear for court, or by clear and convincing evidence that conditions cannot be crafted that would sufficiently mitigate the risk of danger to the community or another. Only one needs to be shown, and on this record, the Government's proffer has not satisfied either standard.

Turning to the § 3142(g) factors, the Court first recognizes that the Government admitted that it was focusing on the risk of danger, rather than risk of flight. Still, the Court finds the Government has not carried its burden of persuasion (by a preponderance-of-the-evidence standard) as to flight risk in light of defense counsel's proffer: that Stevenson has showed up for court appearances in Kentucky state court on related charges; that Stevenson would have a job as a water transporter if released; that there is an individual who would sign a surety bond on Stevenson's behalf; and that Stevenson has a friend with a residence at which Stevenson could reside if he were to be released.

Similarly, considering the relevant statutory factors as to risk of danger, which was the Government's focus at the hearing on Stevenson's Motion, the Court finds any risk of any further unlawful behavior to be mitigated by the dated nature of Stevenson's criminal history, the lack of post-release compliance issues related to his state-court criminal charges, Stevenson's track record of appearing for proceedings on his state-court charges, and the lack of any new arrests by

11

Stevenson. In this context, the Court considers that the evidence highlighted by the Government as representing changed circumstances largely predates Stevenson's arrest in March 2024. True, the Government now has in its possession more information regarding Stevenson's actions pre-March 2024, including the evidence obtained from search warrants executed on the cell phones and the drug paraphernalia seized from the place where Stevenson was staying before he was arrested. However, this information concerning dangerousness, even though newly obtained, strikes the Court as being of the same kind and character that the Magistrate Judge in the Central District of California was able to consider before determining Stevenson should be released. Against this record, the Court finds the Government has not met its burden of persuasion as to dangerousness by clear and convincing evidence.

Ultimately, the Court agrees with the observation of the Magistrate Judge in the Central District of California that this case presents a "close call." But having considered all the factors, the Court finds the present record demonstrates there are sufficient conditions that can be imposed to address risk of flight and danger such that Stevenson should be released pretrial. Therefore, it will be recommended that Stevenson's Motion to Reopen Detention Hearing (R. 34) be granted and that Stevenson be released pending trial.

### IV.   CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, **IT IS RECOMMENDED** that:

1) Stevenson's Motion to Reopen Detention Hearing (R. 34) **be granted**.

2) Stevenson **be released** pending trial in this action, with the conditions imposed by the Central District of California in its November 5, 2024, Release Order and Bond Form that Louvenia L. Mathis post a $50,000 Affidavit of Surety (No Justification) and Genghis Khan Stevenson replace his $50,000 Affidavit of Surety (No Justification) with a real property bond **be**

**removed,** and with adoption by this Court of all other conditions of release previously set by the Central District of California.[6]

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation. Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection may, and normally will, result in waiver of further appeal to or review by the District Judge and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). **If counsel does not intend to file objections to this Report and Recommendation, a Notice filing so informing should be made at counsel's earliest convenience to facilitate expedited submission to Chief District Judge Bunning.**

Signed this 21st day of March, 2025.



Signed By:
Candace J. Smith
United States Magistrate Judge

G:\Judge-CJS\DATA\Orders\criminal cov\2024\24-34-DLB Stevenson R&R re bond.docx

---

[6] The revised Release Order and Bond Form issued by the Central District of California on November 5, 2024, has not been docketed in this District's record but is attached hereto this Report and Recommendation for the Clerk to docket in this case.