UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL ACTION NO. 24-34-DLB-CJS**

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | **MEMORANDUM ORDER**<br>**ADOPTING REPORT AND RECOMMENDATION** |
| GENGHIS KHAN STEVENSON | DEFENDANT |

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon the March 21, 2025 Report and Recommendation ("R&R") of United States Magistrate Judge Candace J. Smith (Doc. # 43), wherein she recommends that the Court grant Defendant Genghis Khan Stevenson's Motion to Reopen Detention Hearing (Doc. # 34) and release him pending trial in this matter. Defendant has noted that he has no objections to the R&R (Doc. # 45), the United States has filed written Objections to the R&R (Doc. # 46). Therefore, the R&R is ripe for the Court's review. For the following reasons, the United States' Objections to the R&R are **overruled**, the R&R is **adopted** as the Opinion of the Court, Defendant's Motion is **granted**, and Defendant shall be **released pending trial**, subject to the conditions of release outlined by Judge Smith in her R&R

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In July 2024, a federal grand jury in Covington, Kentucky returned an Indictment charging Defendant with one count of possessing with the intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1). (Doc. # 3). Defendant was arrested in the Central District of California, and his initial appearance was held there on October

7, 2024.  (Doc. # 43 at 2).  At Defendant's initial appearance, the presiding magistrate judge denied the United States' motion for detention and ordered that Defendant could be released once he took steps to post a $50,000 bond secured by his home, subject to certain other conditions.  (*Id.*).  Although the magistrate judge described his decision as a "close call," he found that all applicable factors favored release.  (*Id.*).

Thereafter, the magistrate judge vacated Defendant's previously set bond and increased his bail to $100,000, requiring Defendant and his mother to each put up $50,000 in surety.  (*Id.*).  This modification was supposedly done "to allow [Defendant] to effectuate the property bond."  (*Id.* at 2-3).  Although Defendant signed a surety bond, his mother did not, and Defendant was accordingly remanded to the custody of the Marshals Service to be transported to this District.  (*Id.* at 3).  Defendant's initial appearance and arraignment in this District took place on December 16, 2024.  (Doc. # 21).

On January 30, 2025, Defendant filed the instant Motion wherein he requests that the Court reopen his detention proceedings and grant him pretrial release.  (Doc. # 34).  After the United States filed its Response (Doc. # 35) and Defendant did not file a reply, Judge Smith held a hearing on the Motion on February 19, 2025.  (Doc. # 41).  On March 21, 2025, Judge Smith issued her R&R wherein she recommends that Defendant's Motion be granted, and that he be released pending trial subject to certain conditions of release.  (Doc. # 43).

## II.     REPORT AND RECOMMENDATION

Upon review, the United States' Objections only relate to certain segments of the R&R and only some of Judge Smith's findings.  (*See* Doc. # 46).  Accordingly, the Court will only summarize the R&R to the extent necessary to address the Objections.

2

In pertinent part, Judge Smith began her analysis by outlining the appropriate legal standard. (*Id.* at 7-9). As Judge Smith noted, under the Bail Reform Act "a defendant may be detained pending trial only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." (*Id.* at 7 (quoting *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)) (internal quotation marks omitted). Judge Smith further noted that a court's dangerousness finding must be "supported by clear and convincing evidence," and that the "default position of the law . . . is that a defendant should be released pending trial." (*Id.* (quoting *Stone*, 608 F.3d at 945)).

However, as Judge Smith noted, the default rule in favor of release is modified for "particularly dangerous defendants[,]" or those for which there is probable cause to believe have committed an offense listed in 18 U.S.C. § 3142(e)(3). (*Id.* at 8). In cases involving particularly dangerous defendants, there is a rebuttable presumption in favor of detention. (*Id.*). That said, the rebuttable presumption only imposes a "burden of production" on any defendant, which is satisfied when he produces evidence that he is not a fight risk or danger to the community. (*Id.*). But even if a defendant has satisfied his burden of production, the presumption favoring detention "remains a factor to be considered among those weighed by the district court." (*Id.*). Judge Smith further noted that a grand jury indictment, by itself, provides sufficient probable cause to believe that the defendant committed any charged offense. (*Id.*).

As Judge Smith noted, in all cases the United States has the ultimate burden of proving that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." (*Id.* at 9). In determining whether the United States

3

has met its burden in a particular case, courts consider certain factors such as: "(1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person as to danger, (3) a defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  (*Id.* (citing 18 U.S.C. § 3142(g)).

After outlining the appropriate legal standard, Judge Smith applied it to Defendant as follows.  First, Judge Smith noted that Defendant was charged with one count of possessing with the intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1), and that Defendant had served more than 12 months in prison for a prior serious violent felony conviction.  (*Id.* at 9).  Accordingly, Judge Smith noted that the penalties for Defendant's charged offense would be not less than 10 years and not more than life imprisonment, giving rise to the rebuttable presumption for detention under 18 U.S.C. § 3142(e)(3).  (*Id.* (citing 21 U.S.C. § 841(b)(1)(B)(vi)).

Judge Smith then determined whether Defendant had sufficiently rebutted the presumption in favor of detention.  In finding that he did, Judge Smith noted that (i) the Pretrial Services Report in the Central District of California determined that there were conditions of release that could address issues of flight and danger; (ii) the United States Probation Office in this District had no additions or corrections to that Report but still recommended detention; (iii) Defendant no longer possesses the real property to post a property bond; (iv)  Defendant's "dated" criminal history; (v) that Defendant has consistently appeared for hearings in Kentucky state court on related charges; (vi) that Defendant would have employment if released; (vii) that there is an individual who would sign a surety bond on Defendant's behalf; and (viii) that Defendant has a friend with a

4

residence at which Defendant could reside. (*Id.* at 9-10). Among these circumstances, Judge Smith particularly noted Defendant's compliance with pretrial release while on state charges, his ability to stay with a friend and obtain employment if released, his apparent lack of recent criminal history, and the fact that the magistrate judge in the Central District of California "found the presumption rebutted[.]" (*Id.* at 10-11). That said, Judge Smith noted that presumption in favor of detention remained a factor in her overall analysis. (*Id.* at 11).

Having determined that Defendant rebutted the presumption in favor of detention, Judge Smith then analyzed whether the United States had carried its burden of persuasion. In its Response and at the hearing on the Motion, the United States proffered the following information in support of pretrial detention: (i) Defendant's recent loss of his home; (ii) the inaccuracy of certain information in Defendant's Pretrial Services Report; (iii) evidence of Defendant's recent participation in drug trafficking and firearm possession uncovered from post-arrest warrants; (iv) the discovery of drug paraphernalia at Defendant's prior residence; (v) the amount of drugs and cash seized from Defendant when he was arrested; (vi) Defendant's criminal history; and (vii) Defendant's history of committing new crimes while under probation or other release. (*Id.* at 10).

In addressing this information, Judge Smith first recognized that the United States' "primary concern was not flight, but was instead danger[.]" (*Id.*). Regarding flight, Judge Smith determined that the United States had not shown by a preponderance of evidence that Defendant was a flight risk, as Defendant has consistently appeared for hearings on his related state court charges and would have a job if released, an individual had agreed to sign a surety bond on Defendant's behalf, and Defendant had a friend with a residence

5

at which Defendant could stay if released. (*Id.*). As to danger, Judge Smith determined that any risk of further unlawful behavior to be mitigated by Defendant's "dated" criminal history, the lack of any compliance issues with Defendant's release on state charges, Defendant's consistent appearance at hearings on his state charges, and the lack of any new arrests of Defendant. (*Id.* at 11-12). Moreover, Judge Smith observed that much of the information the United States cited as evidence of danger predated Defendant's arrest in March 2024, and was "of the same kind and character that the Magistrate Judge in the Central District of California was able to consider before determining [that Defendant] should be released." (*Id.* at 12). Accordingly, Judge Smith determined that the United States had "not met its burden of persuasion as to dangerousness by clear and convincing evidence." (*Id.*).

For these reasons, Judge Smith recommended that Defendant's Motion be granted and that he be released pending trial, subject to the conditions imposed by the Central District of California excepting the removal of his property bond. (*Id.* at 12-13).

### III.     ANALYSIS

####    A.     Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation,"

and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommendation must be "specific written objections to the proposed findings and recommendations." *Id.* This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (unpublished table decision)).

**B.   The United States' Objections**

The United States has filed Objections to the R&R raising three separate arguments. (Doc. # 46). First, the United States argues that Judge Smith failed to give proper weight to Defendant's criminal history. (*Id.* at 1-2). Second, the United States argues that Judge Smith failed to properly address Defendant's history of committing new offenses while on probation or other release, including that he was under supervision when he allegedly committed the instant offense. (*Id.* at 2-3). Third, the United States argues that Judge Smith failed to properly consider changed circumstances from when

7

Defendant was initially granted pretrial release, such as the loss of Defendant's home that was to be used to secure his bond. (*Id.* at 3-4). The Court will address each of these arguments in turn.

### 1. *Defendant's Criminal History*

The United States first argues that Judge Smith failed to property address and give weight to Defendant's criminal history. (Doc. # 46 at 1-2). Specifically, the United States notes that Defendant has prior convictions for robbery, carjacking, the possession of a weapon while in prison, and exhibiting a firearm in the presence of a police officer—the latter of which he was convicted of on May 26, 2023. (*Id.*). According to the United States, Judge Smith failed to consider Defendant's criminal history "other than to make brief (and incorrect) references to his criminal history as 'dated.'" (*Id.* at 2).

Upon review, Judge Smith did not address Defendant's criminal history with specificity in her R&R and referred to such history as "dated" despite Defendant's 2023 conviction for a firearm offense. (*See* Doc. # 34). But as the United States implicitly acknowledges, Defendant's criminal history was outlined in his bond report which the magistrate judge in the Central District of California reviewed before determining that Defendant was entitled to pretrial release. (*See* Doc. # 46 at 1-2 (citing to the "CDCA Bond Report" as evidence of Defendant's criminal history)). And as this Court has noted, it would be "hard-pressed, as a general matter, to conclude that a judicial colleague's determination of release suitability (under the federal standards) would not be *some* evidence that the defendant would reappear and not pose a danger." *United States v. Shaw*, No. 5:17-cr-26-KKC-REW, 2017 WL 5711438, at *3 (E.D. Ky. Nov. 7, 2017) (Wier, J.), *recommended disposition adopted by* 2017 WL 5710443 (E.D. Ky. Nov. 27, 2017)

8

(emphasis in original). As the magistrate judge in the Central District of California already considered Defendant's criminal history, the Court concludes that Judge Smith did not err in failing to specifically address it in her R&R.

For these reasons, the United States' first objection to the R&R is **rejected**.

### 2. Defendant's History of Committing Crimes While Under Parole or Other Release

The United States next argues that Judge Smith erred in failing to properly address Defendant's history of committing new offenses while on probation or other release, including the instant offense. (Doc. # 46 at 2-3). The United States specifically claims that Defendant has been on probation since July 8, 1998, and that he has been convicted of several offenses since then. (*Id.*). According to the United States, the R&R "fails to consider . . . Defendant's history and pattern of committing new crimes while under a criminal justice sentence, and the danger he presents to the community when he has been granted release." (*Id.* at 3).

As an initial matter, the Court notes that Judge Smith did acknowledge Defendant's history of committing offenses while under supervision in her R&R. (*See* Doc. # 43 at 10 (noting the United States' argument that "[Defendant's] criminal history and his history of committing new crimes while on probation or other release status as being particularly concerning.")). Regardless, information concerning Defendant's history of committing new offenses while under supervision was presumably already available to and considered by the magistrate judge in the Central District of California, and the United States makes no argument to the contrary. (*See* Doc. # 46). And as this Court noted above, the magistrate judge's prior assessment of Defendant's criminal history is appropriately afforded some weight. *See Shaw*, 2017 WL 5711438, at *3. Moreover,

while Defendant has committed offenses while on post-conviction supervision, there is no indication that he has done so while on pre-trial release, which the Court considers to be significant.

For these reasons, the United States' second objection to the R&R is **rejected**.

### 3. Defendant's Changed Circumstances

The United States finally argues that Judge Smith erred by failing to properly consider changed circumstances from when Defendant was initially granted pretrial release, such as the loss of Defendant's home that was to be used to secure his bond. (Doc. # 46 at 3-4). As the United States notes, "[t]here is no dispute" that Defendant no longer owns the home. (*Id.* at 3). The United States further submits that the loss of Defendant's home means that he has weaker ties to the community. (*Id.*).

As an initial matter, the Court notes that Judge Smith did, in fact, acknowledge the loss of Defendant's home in her R&R. (*See* Doc. # 43 at 10 (noting the United States' argument that "the loss of [Defendant's] home indicates one less tie to the community.")). Nevertheless, the loss of Defendant's home would appear to affect his risk of flight rather than his dangerousness to the community. And as noted above, the United States focuses primarily if not exclusively on Defendant's alleged dangerousness. (*See supra* § II). The United States does not adequately explain how the loss of Defendant's home would make him more dangerous to the community, much less prove such increased dangerousness by clear and convincing evidence. Moreover, the Court does not view Defendant as a significant flight risk for the reasons Judge Smith identified in her R&R.

For these reasons, the United States' third and final objection to the R&R is **rejected**. Having rejected each of the United States' individual objections, the Court

concludes that the United States' written Objections (Doc. # 46) lack merit and are therefore **overruled**.[1]

IV.  **CONCLUSION**

Ultimately, the Court agrees with the magistrate judge in the Central District of California and Judge Smith that this case presents a "close call." (Doc. #43 at 12). But for the reasons stated above, the Court concludes that there are sufficient conditions of release that can be imposed to address Defendant's flight risk and danger to the community, and that the United States has not satisfied its burden of proving otherwise. Accordingly,

**IT IS ORDERED** as follows:

(1)  The March 21, 2025 Report and Recommendation ("R&R") of Magistrate Judge Candace J. Smith (Doc. # 43) is **ADOPTED as the opinion of the Court**;

(2)  The United States' Objections to the R&R (Doc. # 46) are **OVERRULED**;

(3)  Defendant Genghis Khan Stevenson's Motion to Reopen Detention Hearing (Doc. # 34) is **GRANTED**; and

(4)  Defendant shall be released pending trial in this matter, with the conditions of release outlined by Judge Smith in her R&R (Doc. # 43 at 12-13).

---

[1]  In its Objections, the United States appears to separately move for a *de novo* review of Defendant's bond decision pursuant to 18 U.S.C. § 3145(a). (Doc. # 46 at 1). But the United States' attempt to make this separate motion is procedurally improper, as "objections to an R&R are not an appropriate avenue in which the bring new motions or to make new requests." *In re Rankin*, No. 06-13726, 2021 WL 1087660, at *4 (E.D. Mich. Mar. 22, 2021). Thus, to the extent that the Objections can be read to assert a separate § 3145(a) motion, such motion is **denied**.

This 7th day of April, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Covington Criminal\2024\24-34 Order Adopting R&R.docx